IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOAN L. SWENSON,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CITY MORTGAGE CO. AND ETITLE INSURANCE CO.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT NATIONAL CITY'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:08-CV-659 TS |

This matter is before the Court on a Motion for Summary Judgment filed by Defendant National City Mortgage Co. ("National City). Plaintiff has failed to respond to Defendant's Motion in a timely manner. For the reasons set forth below, the Court will grant the Motion.

I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return

---

[1] *See* Fed. R. Civ. P. 56(c).

1

a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[4]

## II. FACTUAL BACKGROUND

Plaintiff entered into a loan transaction with Defendant National City. In connection with the loan transaction, Plaintiff made, executed, and delivered to Defendant an Adjustable Rate Note (the "Note") dated April 17, 2006, in the stated amount of $567,000.00, including a Construction/Permanent Addendum to Adjustable Rate Note, and an Interest Only Payment Period Note Addendum to Adjustable Rate Note.

As collateral security for the Note, Plaintiff, as trustor, executed and delivered a Deed of Trust (the "Trust Deed") dated April 17, 2006, to Lone Peak Title Insurance Agency, as trustee, in favor of Defendant, as beneficiary, encumbering real property located in Utah County, Utah (the "Property"). The Trust Deed was recorded with the Utah County Recorder on April 27, 2006.

---

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

The terms of the Note were modified by a Loan Modification Agreement dated April 12, 2007, entered into by Plaintiff and Defendant.

The Note, with addenda, provided for interest at the rate of 7.75% during the initial construction period, with interest later adjusting as provided for in the Note, with the maximum interest rate never greater than 12.5% per annum. In the Loan Modification Agreement, Plaintiff and Defendant agreed that interest would thereafter accrue at 6.875% for 60 months, and thereafter adjust according to the terms of the Note, with the maximum interest rate not exceeding 11.875%.

In connection with the loan transaction, Plaintiff acknowledged and signed a HUD-1 Settlement statement. The HUD-1 Settlement Statement describes the closing costs, charges and disbursements made in connection with the closing of the loan transaction. As shown on the HUD-1 Settlement Statement, no Yield Spread Premium was charged in connection with the transaction.

Defendant made all required disclosures to Plaintiff under the Truth-in-Lending Act in connection with this loan transaction. In particular, Plaintiff signed a Good Faith Estimate of Closing Costs, on or about March 29, 2006. Plaintiff also received, and acknowledged that receipt with her signature to, a Truth-in-Lending Disclosure Statement.

In connection with the loan transaction, Plaintiff also executed a RESPA Servicing Disclosure on April 20, 2006. Defendant was the original lender under the loan documents and remains the lender and the holder of the Note. Servicing of the loan has not been transferred.

Plaintiff failed to pay the monthly interest payment that was due under the Note on January 1, 2008, and each month thereafter. As a result of Plaintiff's default under the Note, Defendant caused the Successor Trustee under the Trust Deed—eTitle Insurance Agency—to

record a Notice of Default and Election to Sell on or about April 11, 2008. The default was not cured within three months and the Successor Trustee caused a Notice of Trustee's Sale to be issued, setting the sale of the Property for August 8, 2008. The Trustee caused notice of the sale to be published once a week for three consecutive weeks in a newspaper having a general circulation in which the property was situated. The last such publication was at least ten, but not more than thirty days before the date of the sale. Additionally, the Trustee posted notice of the sale on the property and in the Utah County Recorder's office at least 20 days before the sale was scheduled. At the time of the sale, the Property was sold to Deutsche Bank National Trust Company.

## III. DISCUSSION

Plaintiff's Complaint contains the following causes of action against Defendant National City: (1) Violation of the Truth-in-Lending Act; (2) Violation of Real Estate Settlement Procedures Act; (3) Violation of the Home Ownership Equity Protection Act of 1994; (4) Violation of the Fair Debt Collection Practices Act; (5) Breach of Fiduciary Duty; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Injunctive Relief; (8) Declaratory Relief; and (9) Fraud. Defendant now moves for summary judgment on all claims. As indicated, Plaintiff has failed to respond to the Motion.

A.  VIOLATION OF THE TRUTH-IN-LENDING ACT

Plaintiff alleges in her Complaint that Defendant has violated the Truth-in-Lending Act[5] ("TILA") by refusing to validate the debt, failing to make a full accounting, and failing to make certain disclosures.

---

[5] 15 U.S.C. §§ 1601 et seq.

Plaintiff's first cause of action fails because Defendant provided to Plaintiff the disclosures required by TILA. These disclosures are evidence by the Good Faith Estimate of Closing Costs and the Truth-in-Lending Disclosure Statement.[6] Both of these documents were provided to and signed by Plaintiff.

B.   VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

Plaintiff's second cause of action alleges a violation of the Real Estate Settlement Procedures Act[7] ("RESPA"). Plaintiff alleges that Defendant "placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned."[8] Plaintiff also alleges that Defendant violated the requirements of RESPA by failing to give notice of transfer of servicing.

12 U.S.C. § 2607(a) provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." Here, there is no evidence to support Plaintiff's allegation that a yield spread premium was paid.[9] Thus, there can be no claim that any yield spread premium was excessive.

12 U.S.C. § 2605(a) provides:

Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of the application for the loan,

---

[6]Docket No. 6, Exs. E and F.

[7]12 U.S.C. §§ 2601 et seq. Both parties incorrectly cite RESPA as 26 U.S.C. § 2605.

[8]Compl. at ¶ 34.

[9]Docket No. 6, Ex. D.

>whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

Defendant provided this information to Plaintiff and Plaintiff acknowledged that she read and understood the disclosure provided.[10]

Section 2605(b) states: "Each services of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." Here, there is no evidence of any assignment, sale, or transfer of the servicing of Plaintiff's loan. Indeed, Defendant has presented an affidavit which states that servicing of the loan has not been transferred.[11] That evidence is undisputed. Therefore, Plaintiff's claim under RESPA fails.

C.     VIOLATION OF THE HOME OWNERSHIP EQUITY PROTECTION ACT

Plaintiff's third cause of action alleges a violation of the Home Ownership Equity Protection Act[12] ("HOEPA"). Plaintiff alleges that her loan falls within the purview of HOEPA and was placed in violation of that Act.

In order for HOEPA to be applicable, the annual percentage rate at consummation of the transaction must exceed by more than 10 percentage points the yield on comparable Treasury securities[13] or the total points and fees paid by the borrower at or before closing must exceed the

---

[10]*Id.*, Ex. G.

[11]*Id.* ¶ 14.

[12]15 U.S.C. § 1602.

[13]*Id.* § 1602(aa)(1)(A).

greater of 8 percent of the total loan amount or $400.[14]  None of these situations is present here, thus HOEPA is inapplicable.

D.   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's fourth cause of action alleges violation of the Fair Debt Collection Practices Act[15] ("FDCPA").  Defendant alleges that the FDCPA does not apply because it is not a "debt collector" under the act.

The FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[16]  However, that term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."[17]  Nor does it include "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."[18]

---

[14]*Id*. § 1602(aa)(1)(B).

[15]15 U.S.C. §§ 1692 et seq.

[16]*Id*. § 1692a(6).

[17]*Id*. § 1692a(6)(A).

[18]*Id*. § 1692a(6)(B).

Plaintiff's fourth cause of action must fail because Defendant is not a debt collector under FDCPA.[19]

E.   BREACH OF FIDUCIARY DUTY

Plaintiff's fifth cause of action alleges a breach of fiduciary duty.  "Ordinarily, no fiduciary relationship exists between a bank and its customer."[20]  However, a fiduciary relationship may be found "'when one party, having gained the trust and confidence of another exercises extraordinary influence over the other party.'"[21]  "There is no invariable rule which determines the existence of a fiduciary relationship, but it is manifest in all the decisions that there must be not only confidence of the one in the other, but there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."[22]

Here, there is nothing to suggest a fiduciary relationship existed between Plaintiff and Defendant.  Therefore, Plaintiff's fifth cause of action must fail.

---

[19] *See, e.g., Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp. 2d 176, 190 (S.D. Tex. 2007 (stating that mortgage companies collecting debts are not debt collectors within the meaning of the FDCPA).

[20] *State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1275 (Utah Ct. App. 1995).

[21] *Id.* (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985)).

[22] *First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990) (citation omitted).

F.      BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's sixth cause of action alleges that there existed a covenant of good faith and fair dealing and that Defendant breached that covenant by commencement of foreclosure proceedings.

Every contract is subject to an implied covenant of good faith.[23] However, the evidence presented here shows that Defendant complied with the trust deed and the trust deed statute.[24] The "statute outlined the steps needed to ensure good faith and fair dealing."[25] As Defendant complied with the statute, it cannot be found liable for breaching the implied covenant of good faith and fair dealing.[26]

G.      INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff's seventh, eighth, and ninth causes of action seek injunctive or declaratory relief. Plaintiff's seventh cause of action seeks an order that Plaintiff is not required to make any further payments on the Note until it is determined who owns the Note. However, Defendant has provided evidence that it is the only holder of the Note. There is no further evidence of anyone else demanding payment. Thus, Plaintiff's seventh cause of action fails.

Plaintiff's eighth cause of action seeks to enjoin the foreclosure proceedings. As the trustee's sale has already occurred, this claim is moot.

---

[23] *Brehany v. Nordstrom*, 812 P.2d 49, 66 (Utah 1991).

[24] Utah Code Ann. § 53-1-19 to -36. *See* Docket No. 6, Ex. I.

[25] *Five F, LLC v. Heritage Savings Bank*, 81 P.3d 105, 109 (Utah Ct. App. 2003).

[26] *See id*.

Plaintiff's ninth cause of action seeks a declaration stating that the foreclosure should be prevented. For the same reasons discussed in relation to Plaintiff's eighth cause of action, this claim is moot.

H.     FRAUD

Plaintiff's tenth cause of action alleges that Defendant acted fraudulently in relation to the foreclosure.

> [I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence. Those elements are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose or inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[27]

Here, there is no evidence to support Plaintiff's fraud allegation. Therefore, summary judgment is appropriate.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 4) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendant National City and against Plaintiff on all of Plaintiff's causes of action.

DATED   March 23, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[27] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).